UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION
DOCKET NO. 1:17-cv-00002-RLV

| | |
|---|---|
| **TONI BLACKWELL YELTON** ) | |
| ) | |
| ) | ORDER |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| **NANCY BERRYHILL,** ) | |
| **Acting Commissioner of Social Security** ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the court on the parties' opposing Motions for Summary Judgment (#9 and #10). The matter is ripe for review. Having carefully considered such motions and reviewed the pleadings, the court enters the following findings, conclusions, and Order.

**FINDINGS AND CONCLUSIONS**

**I.  Administrative History**

Plaintiff applied for a period of disability and disability insurance benefits in May 2013, alleging that she became disabled on January 20, 2013. (Tr. 21). Her claim was denied at the initial and reconsideration levels of review. See (Tr. 21). Plaintiff filed a timely request for a hearing before an Administrative Law Judge ("ALJ"). A hearing was held before Tammy Georgian, an ALJ, on October 7, 2015, at which plaintiff had an attorney representative present. (Tr. 21, 42). In a November 13, 2015 written decision, the ALJ

denied the plaintiff's claim. (Tr. 18-36). Plaintiff requested review of the ALJ's decision. (Tr. 15-16). The request for review was denied by the Appeals Council on November 16, 2016 (Tr. 1), rendering the ALJ's decision the final decision of the Commissioner. See 20 C.F.R. § 404.981. Plaintiff has exhausted her available administrative remedies and the case is now ripe for judicial review under Section 205(g) of the Social Security Act. See 42 U.S.C. § 405(g).

## II. Factual Background

It appearing that the ALJ's findings of fact are supported by substantial evidence, the court adopts and incorporates such findings herein as if fully set forth. Such findings are referenced in the substantive discussion which follows.

## III. Standard of Review

The only issues on review are whether the Commissioner applied the correct legal standards and whether the Commissioner's decision is supported by substantial evidence. Richardson v. Perales, 402 U.S. 389, 390 (1971); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Review by a federal court is not de novo, Smith v. Schwieker, 795 F.2d 343, 345 (4th Cir. 1986); rather, inquiry is limited to whether there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Perales, 402 U.S. at 401 (internal citations omitted). Even if the undersigned were to find that a preponderance of the evidence weighed against the Commissioner's decision, the Commissioner's decision would have to be affirmed if it was supported by substantial evidence. Hays, 907 F.2d at 1456. The Fourth Circuit has explained substantial evidence review as follows:

> the district court reviews the record to ensure that the ALJ's factual findings are supported by substantial evidence and that its legal findings are free of error. If the reviewing court decides that the ALJ's decision is not supported by substantial evidence, it may affirm, modify, or reverse the ALJ's ruling with or without remanding the cause for a rehearing. A necessary predicate to engaging in substantial evidence review is a record of the basis for the ALJ's ruling. The record should include a discussion of which evidence the ALJ found credible and why, and specific application of the pertinent legal requirements to the record evidence. If the reviewing court has no way of evaluating the basis for the ALJ's decision, then the proper course, except in rare circumstances, is to remand to the agency for additional investigation or explanation.

Radford v. Colvin, 734 F.3d 288, 295 (4th Cir. 2013) (internal citations and quotations omitted).

## IV. Substantial Evidence

### A. Introduction

The court has read the transcript of plaintiff's administrative hearing, closely read the decision of the ALJ, and reviewed the relevant exhibits contained in the extensive administrative record. The issue is not whether a court might have reached a different conclusion had it been presented with the same testimony and evidentiary materials, but whether the decision of the administrative law judge is supported by substantial evidence. The court finds that the ALJ's decision was supported by substantial evidence.

### B. Sequential Evaluation

A five-step process, known as "sequential" review, is used by the Commissioner in determining whether a Social Security claimant is disabled. The Commissioner evaluates a disability claim under Title XVI pursuant to the following five-step analysis:

   a. An individual who is working and engaging in substantial gainful activity will not be found to be "disabled" regardless of medical findings;

b. An individual who does not have a "severe impairment" will not be found to be disabled;

c. If an individual is not working and is suffering from a severe impairment that meets the durational requirement and that "meets or equals a listed impairment in Appendix 1" of Subpart P of Regulations No. 4, a finding of "disabled" will be made without consideration of vocational factors;

d. If, upon determining residual functional capacity, the Commissioner finds that an individual is capable of performing work he or she has done in the past, a finding of "not disabled" must be made;

e. If an individual's residual functional capacity precludes the performance of past work, other factors including age, education, and past work experience, must be considered to determine if other work can be performed.

20 C.F.R. § 416.920(a)-(f). The burden of proof and production during the first four steps of the inquiry rests on the claimant. Pass v. Chater, 65 F.3d 1200, 1203 (4th Cir. 1995). At the fifth step, the burden shifts to the Commissioner to show that other work exists in the national economy that the claimant can perform. Id.

**C. The Administrative Decision**

At step one, the ALJ found that the plaintiff had not engaged in substantial gainful activity during the period of her alleged onset date, January 20, 2013 and her date last insured December 31, 2014. (Tr. 23). At step two, the ALJ found that the plaintiff had the following severe impairments: fracture of acetabulum (pelvis), chronic kidney disease, and chronic obstructive pulmonary disease (COPD). (Tr. 23-27). At step three, the ALJ

determined that the plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 27-29).

The ALJ concluded that the plaintiff had the residual functional capacity (RFC) to perform light work, with several limitations. (Tr. 29). The plaintiff was limited to frequent sitting, standing, and walking. (Tr. 29). The plaintiff's RFC was further limited to never climbing ladders, ropes, or scaffolds and having no concentrated exposure to pulmonary irritants. (Tr. 29).

At step four, the ALJ found that plaintiff Yelton could perform her past relevant work. (Tr. 34). Accordingly, the ALJ determined that the plaintiff had not been under a disability within the meaning of the Social Security Act, 20 C.F.R. 404.1520(g), at any point during the period of her alleged onset date, January 20, 2013 and her date last insured December 31, 2014. (Tr. 36).

**D. Discussion**

The court has closely read plaintiff's Memorandum of Law (#9-1) supporting her Motion for Summary Judgment. Plaintiff has made the following assignments of error:

I. The ALJ erred in including inaccuracies in her RFC analysis, which would preclude her RFC from being sound; and

II. The ALJ erred in making an assumption about plaintiff's failure to pursue treatment without the requisite consideration.

(#9-1) at 4-5. Plaintiff's assignments of error will be discussed *seriatim* below.

1. **Alleged Inaccuracies**

Plaintiff asserts the ALJ erred in her assessment of the plaintiff's RFC, alleging the ALJ did not meet the requirements of SSR 96-8p. (#9-1) at 5. SSR 96-8p provides that the "[RFC] assessment must include a narrative discussion describing how the evidence supports each conclusion, citing specific medical facts (e.g., laboratory findings) and nonmedical evidence (e.g. daily activities, observations)." Mascio v. Colvin, 780 F.3d 632, 636 (4th Cir. 2015) (quoting SSR 96-8p, 61 Fed. Reg. at 34, 475). The RFC assessment "must include a discussion of why reported symptom-related functional limitations and restrictions can or cannot reasonably be accepted with the medical and other evidence." S.S.R. 96-8p, 1996 WL 37184, at *7. Remand may be appropriate where "an ALJ fails to assess a claimant's capacity to perform relevant functions, despite contradictory evidence in the record, or where other inadequacies in the ALJ's analysis frustrate meaningful review." Mascio, at 636 (quoting Cichocki v. Astrue, 729 F.3d 172, 177 (2nd Cir. 2013) (per curiam).

Plaintiff asserts that the ALJ failed to properly evaluate plaintiff's need for a cane. (#9-1) at 6. Here, the ALJ specifically found that the plaintiff's impairments "did not result in an ability to ambulate effectively" or in "a sustained disturbance in gait or station." (Tr. 29). In reviewing plaintiff's RFC, the ALJ noted that the plaintiff reported that she "required a cane or walker for ambulation and tried to walk outside each day for 10 to 15 minutes." (Tr. 30). The ALJ further noted plaintiff's reported difficulty walking and

discussed the plaintiff's testimony about walking while shopping and walking around her block. (Tr. 30).

The ALJ found that the plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms were "not entirely credible." (Tr. 31). The ALJ reviewed the record evidence and detailed that the plaintiff was "ambulating normally without a limp." (Tr. 31). The ALJ also reviewed the findings of a physician who opined that plaintiff would have difficulty walking or standing for prolonged periods, and the ALJ found that this opinion was consistent with the RFC's restriction to frequently walking or standing. (Tr. 33). The ALJ also considered a report from the plaintiff's son that the plaintiff had difficulty walking among other activities. (Tr. 34).

Ultimately, the court's task is not to determine whether the RFC should or should not have included the use of a cane. Instead, the court is asked whether the ALJ's RFC analysis was supported by substantial evidence. The court is not "left to guess" here. The ALJ has appropriately shown her work as to how she evaluated the record evidence as to the plaintiff's impairments related to ambulation. Accordingly, remand is inappropriate on this ground.

### 2. Assumption About Treatment

Plaintiff asserts that the ALJ made an improper assumption about plaintiff's failure to pursue treatment without requisite consideration. (#9-1) at 7. A Social Security claimant may not be penalized for failing to seek treatment she cannot afford. Lovejoy v. Heckler, 790 F.2d 1114, 1117 (4th Cir. 1986). As the Fourth Circuit has noted, it would be

anathema to the "patent purposes of the Social Security Act to deny benefits to someone because he is too poor to obtain medical treatment that may help him." Gordon v. Schweiker, 725 F.2d 231, 237 (4th Cir. 1984).

Plaintiff asserts that the ALJ in the instant case relied on the "conservative course of treatment for her physical and mental impairments to reject her allegations" of disability. (#9-1) at 7. Plaintiff argues that the ALJ did not "consider Yelton's inability to obtain additional treatment" and "chose to assume that Yelton was incredible and that her mental impairments were not severe because of her failure to get what was impossible for her to get." (#9-1) at 8.

Here, the ALJ noted that the "claimant was unable to afford a referral for mental health treatment or ongoing counseling" and that the treatment of plaintiff's depression and anxiety was generally conservative and routine." (Tr. 25). Rather than penalizing the plaintiff for failing to seek further treatment, the ALJ reviewed the record evidence, which noted that her mental health symptoms "were relieved with medication, meditation, and a quiet environment." (Tr. 25). In reviewing the severity of plaintiff's mental health impairments, the ALJ cited numerous exhibits and reviewed the treatment evidence of several sources, including a treating neurologist, a pastor, and two state psychological consultants. (Tr. 25-27, citing Exhibits 1A, 3A, 14F 18F, 19F, and 21F).

The court agrees that a plaintiff's inability to afford more aggressive treatment is not a sufficient basis for an ALJ's findings as to the severity of an alleged impairment. See

Kirkland v. Astrue, 683 F. Supp. 2d 395, 396 (E.D.N.C. 2010). This is not such a case. The plaintiff's symptoms of "depressed mood, fatigue, and poor concentration" were "relieved with medication, meditation, and a quiet environment." (Tr. 25). The treatment was adequately successful in controlling her symptoms, and the ALJ reviewed treatment notes to that effect. (Tr. 25-26). Accordingly, the ALJ found that the plaintiff's mental health symptoms were not severe.

Put another way, the ALJ recognized the plaintiff's financial hardship, noting her inability to afford a referral and additional stress due to her financial situation. (Tr. 25). The ALJ here did not heavily rely on plaintiff's inability to afford further treatment. C.f. Kirkland, 683 F.Supp.2d at 396 (finding that the ALJ's decision in that case relied heavily on the "conservative course of Plaintiff's treatment."). Instead, the ALJ here adequately reviewed the record evidence and examined the treatment and evaluations that the plaintiff received in making a determination as to the severity of the plaintiff's alleged mental health impairments. See (Tr. 25-27). The ALJ found that the symptoms were adequately controlled, *inter alia*, by medication and were therefore not severe.

It is a well-established rule in this Circuit that if "a symptom can be reasonably controlled by medication or treatment, it is not disabling." Gross v. Heckler, 785 F.2d 1163, 1166 (4th Cir. 1986). Because her mental health symptoms were reasonably controlled by medication and treatment, it was reasonable for the ALJ to determine that they did not affect plaintiff's ability to work. Horning v. Colvin, No. 3:14-cv-722, 2016 WL 1123103 at *4 (W.D.N.C. March 21, 2016); see Mascio, 780 F.3d at 638. Further,

the ALJ made such a determination based on substantial evidence before her and adequately showed her work, enabling judicial review of her determination. Accordingly, plaintiff's request for remand cannot be granted on this basis.

V. **Conclusion**

The undersigned has carefully reviewed the decision of the ALJ, the transcript of proceedings, plaintiff's motion and brief, the Commissioner's responsive pleading, and plaintiff's assignment of error. Review of the entire record reveals that the decision of the ALJ is supported by substantial evidence. See Richardson v. Perales, supra; Hays v. Sullivan, supra. Finding that there was "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion," Richardson v. Perales, supra at 401, plaintiff's Motion for Summary Judgment will be denied, the Commissioner's Motion for Summary Judgment will be granted, and the decision of the Commissioner will be affirmed.

**ORDER**

**IT IS, THEREFORE, ORDERED** that:

(1) the decision of the Commissioner, denying the relief sought by plaintiff, is **AFFIRMED;**

(2) plaintiff's Motion for Summary Judgment (#9) is **DENIED;**

(3) the Commissioner's Motion for Summary Judgment (#10) is **GRANTED;** and

(4) this action is **DISMISSED.**

Signed: August 21, 2017

Max O. Cogburn Jr.
United States District Judge